**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| **CHEYENNE MITCHELL FRAZIER,** | § | |
| **Individually,** | § | |
| **Plaintiff** | § | **CAUSE NO. 6:19-cv-645** |
| **vs.** | § | |
| | § | |
| **CITY OF MARLIN, TEXAS and** | § | |
| **NATHAN SODEK Thru his Heirs** | § | |
| **AT LAW** | § | |
| **Defendants,** | | |

**PLAINTIFFS' ORIGINAL COMPLAINT**
**AND JURY DEMAND**

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES** CHEYENNE MITCHELL FRAZIER and files Plaintiff's Original

Complaint wherein she alleges that Chief of Police Nathan Sodek, now deceased, while on

official duty, dressed in police uniform and operating a Marlin City police vehicle, consciously

and intentionally exposed his sexual organs, undressed her and sexually assaulted Cheyenne

Mitchell Frazier, against her desires in the Marlin, Texas City Park.  Plaintiff's civil rights

lawsuit seek compensatory and punitive damages against Nathan Sodek, his heirs and estate and

compensatory damages against the Marlin Police Department and City of Marlin.  Defendant

City's Police Department had unwritten policies, procedures and practices and the City

Governmental Officials knew about the predatory sexual behavior of Defendant Sodek and prior

police chiefs and officers, but continued to allow police officers to violate vulnerable women

they encountered  during their police patrols. Plaintiff also complains about the City's failures to

discipline, supervise, terminate, properly train, provide adequate policies, practices and

1

procedures and to require officer compliance with existing written policies, practices and procedures caused damages to Plaintiff.  Defendant City had actual knowledge of the prior sexual abusive history of its police officers, including those who were policy makers and supervisors, but took no actions to prevent such actions as occurred with Plaintiff.

## PARTIES AND SERVICE

1.      Plaintiff is an adult Female who resides in Marlin, Texas now and at the time of this incident.

2.      Defendant, Nathan Sodek, was employed with the Marlin Police Department in August 2017. He was named interim police chief in October 2018 and appointed permanent police chief in November 2018.  He killed himself August 23rd, 2019 at his home while Texas Rangers were executing an arrest warrant for Sexual Assault and Official Oppression on Plaintiff.  All herein described actions of Defendant Sodek were in the course and scope of his employment, as Marlin Chief of Police at City of Marlin Police Department.  Plaintiff is researching possible heirs to Defendant Sodek for purposes of citation.

3.      The City of Marlin Texas is a municipality and can be cited by service on

**Honorable Mayor C. Lofton, P.O. Box 980, Marlin, Texas 76661 (c.lofton@marlintx.net) and City Manager Cedric Davis Jr., P.O. Box 980, Marlin, Texas 76661. (Citymanager@marlintx.net)**.

4.      Plaintiff is informed and believes that each of the Defendants, including unknown Defendants, was the agent, employee, employer and/or co-conspirator of the others and in doing the things alleged herein, were acting within the course and scope of its agency, employment,

and/or conspiracy, and knew of, ratified, approved, concealed, covered up, condoned, accepted and/or encouraged, for their own benefit and gain, the acts and inactions of each other.

## VENUE and JURISDICTION

5.     The action arises under 28 U.S.C. Section 1331 and 1343(3) and statutory provisions as hereinafter more fully appears.

6.     This Court has supplemental jurisdiction over state law claims discussed below under 28 U.S.C. Section 1367(a) because they arise out of the same case or controversy.

7.     This Court has jurisdiction of Defendants' actions and inactions since all of Plaintiff's concerns occurred or failed to occur in Marlin, Falls County, Texas, venue in the Waco Division of the Western District of Texas .

## NATURE OF ACTION

8.     This is an action under Title 42 U.S.C. Section 1983. as amended by the Civil Rights Act of 1991 and the Fourth Amendment Rights against unreasonable search and seizures. Plaintiffs also sue under the Texas Constitution.

## I. FACTS

9.     On or about February 27, 2019 Plaintiff was arrested in the drive thru of the Citizens State Bank in Marlin, Texas due to confusion regarding her paycheck.  The bank advised her that the check she had been provided for her labors was from a deceased individual's account. Police Chief Nathan Sodek arrived and began the investigation into the facts and incident.  Defendant Sodek removed Plaintiff to the police station and communicated with the District Attorney and others regarding Plaintiff's situation.  Plaintiff spoke to individuals and

3

was advised to leave the police station and return the following morning to allow for further investigation.  Plaintiff was late returning by 10:00 AM as advised, so Defendant Sodek began making numerous calls attempting to reach Plaintiff.  The phone being called was in the possession of Plaintiff's daughter.  Defendant Sodek began texting that phone, in possession of Plaintiff's daughter, threatening to take all deals off the table if Plaintiff did not get to the police station. It was unknown to Plaintiff that any deal was on the table or offered. Once notified by Plaintiff's daughter of the message, Plaintiff left her home walking to the police station and was immediately stopped by Defendant Sodek, ordered to get in his police vehicle and driven to the police station.  Plaintiff was left sitting in the station for hours and was unable to depart until approximately 8:00pm.   Plaintiff's situation was being discussed by other officers who knew the description of the incident at the bank. Plaintiff was told by Sodek to remain seated until he was ready to talk to her, so she sat in the station waiting.

10.  Eventually, Defendant Sodek advised Plaintiff of his desire for her to go to the streets of Marlin Texas and purchase drugs or make "buys".  Plaintiff was told that if and when she made three street drug deals or "buys", her criminal charges would not be filed and she would not be detained any longer. Plaintiff did not desire to take that course of action, but "agreed because I was honestly afraid and felt that this was my only way out of going to jail." Defendant Sodek provided his personal monies to Plaintiff and directed her where to go and what to do.  He traveled with her on one of the drug transactions.  Plaintiff was in fear of her life and safety because she was paired with a "rookie police' officer who she believed was not armed.  Plaintiff feared for her safety during the entirety of these actions and transactions. These actions all lasted

4

late into the night and Plaintiff realized that she almost got caught and asked not to do any additional similar transactions.

11.     Defendant Sodek provided Plaintiff with his personal telephone number, gave her his home address and told her where he lived.  He began texting her regularly and asked her out for drinks.  During all this time, Plaintiff was without her Identification Card and Defendant Sodek retrieved her identification and held it for more than two weeks against her wishes.  When Plaintiff attempted to retrieve her documents, Defendant Sodek eventually directed Plaintiff to meet him in the evening, at the Falconer Park on April 15, 2019.  Defendant arrived in his patrol car, but requested they go to Marlin City Park as there were "too many people" at the first location. Plaintiff went to Marlin City Park solely to retrieve her identification. Once at the park, Defendant Sodek removed his penis from his pants and started touching himself.  Plaintiff "was disgusted and shocked".  Chief Sodek advised Plaintiff that "the old chief took women to the lake to have sex with them."   Defendant Sodek exited the police car and got "on the radio and told all officers that he had already done a circumference check on the city park so they wouldn't have to".  Defendant Sodek began advising that Plaintiff could help him out if he was helping her as he continued touching himself.  Plaintiff believed that "I had no other option but to have sex with him if I didn't want to go to jail.  By this time I'm terrified because I feel that I have no choice but to do this.  I felt powerless and helpless to the entire situation." Defendant Sodek immediately began to grope Plaintiff's breasts, removed her clothing and sexually penetrated her body.  Defendant told Plaintiff that "nobody needs to find out about this", dropped her off in an alley at the rear of a gas station and left.  Defendant advised Plaintiff to contact him about the

warrants so that he would get proof that she wasn't going to be arrested again as he didn't actually bring her ID that night.

12.     Plaintiff complained to the Texas Rangers and gave a written statement describing the sexual assault.  The Texas Ranger met with Plaintiff and also with Defendant Solek after initiating a criminal investigation in July 2019.  On August 13, 2019, the Ranger interviewed Nathan Sodek at the Marlin Police Department, Marlin Texas and reported: **"Sodek confessed to engaging in sexual intercourse with CM at Marlin City Park while on duty in his city issued police vehicle in late April or early May 2019".**  In a follow up interview with Plaintiff, the Ranger noted that "she stated she felt coerced to allow Sodek to have sex with her due to a pending criminal charge investigated by Marlin Police Department." "CM believed she was meeting Sodek to retrieve a state issued identification card, which was in possession of Marlin Police Department".

13.     On August 23rd, 2019, Magistrate Judge, Matthew G. Wright, signed two warrants for the arrest of Nathan Lee Sodek.  One was for the offense of **Sexual Assault,** 2nd Degree Felony and the second was for **Official Oppression**, Class A Misdemeanor.  On August 23, 2019, a criminal complaint was signed by the Texas Ranger that stated that Sodek "exposed his penis in front of Plaintiff." The District Attorney Pro Tem prepared a Motion For Bond Conditions relating to Defendant Sodek which read: "due to the alleged facts and circumstances of this case, the State has concerns regarding the safety of the victim, her husband, children, and other family members and the community."

14.     On Friday, August 23rd, 2019, Texas Rangers went to Defendant Sodek's

residence to serve the arrest warrants.  Defendant Sodek immediately returned inside his home and committed suicide by shooting himself.

15.     As the Chief of Police, Defendant Sodek was policymaker and appointed authority for the City of Marlin at and prior to his death.  His practices, policies and procedures are the policies, practices and procedures for the entire Police Department and the City of Marlin.  Defendant Sodek stated to Plaintiff that prior **police chiefs had developed a practice of taking women to the park,** similarly to what Sodek was doing with Plaintiff**.**

16.     A number of Marlin Police Officers have been arrested, charged and convicted of sexual offenses against women living in Marlin, Texas and other criminal violations while on duty and in uniform.

> A.  Marlin Police Captain (HG) was arrested in June 2017 for sexual assaults and threats to ladies he knew to be undocumented immigrants and having sexual assault on them on the promise to protect them from being deported. This led to his receiving five years deferred  adjudication in 2019.

> B.  Marlin Police Officer (SC III) was indicted Sept 13, 2019 on an official oppression charge alleged to have occurred Nov. 2018.

> C.  Marlin Police  Officer  (TC)  was  convicted of stealing firearms from the police station in 2017 while on duty.

17.     City Defendants have received actual complaints about Marlin Police Officers  and prior police chiefs, but have failed and refused to take actions to end the officers' perverted propensities and predatory habits while on duty with regard to vulnerable female members of the

public.  Plaintiff believes that Defendants purposefully and systematically cover-up or encourage the cover up of said police misconduct. City Defendants have failed to investigate, punish, retrain or terminate offending officers for their repeated sexual misconduct.  Defendants have established unwritten official policies, customs and practices which permitted and encouraged sworn members of their police department to act in violation of the law and thereafter authorized, ratified, and covered up officer's sexual misconduct.  Defendants have chosen to allow officers to resign and/or terminate rather than take actions against them.

18.    Defendants actions have caused and continue to cause Plaintiff physical and emotional injuries, severe humiliation, outrage, anxiety, fear, embarrassment, mental anguish and emotional distress.

19.    Defendant Sodek's unconstitutional violations of Plaintiff Rights include stalking, sexual assault, molest, harassment, battery, kidnap, false arrest, false imprisonment and deprivation of other civil rights.  Having Plaintiff go into dangerous places to purchase drugs, causes danger and unnecessary fears and has led to Plaintiff and her family being emotionally damaged. Plaintiff lives in fear from individuals seeking her out as a "snitch" in a population of 4,000 residents.

20.    In doing the things herein alleged, Defendants, and each of them, engaged in a pattern and/or practice of discriminatory policing in violation of the Violent Crime Control and Law Enforcement Act of 1994, 42 U.S.C. Section 14141; the anti-discrimination provisions of the Omnibus Crime Control and Safe Streets Act of 1968m 42 U.S.C. Drvy 3789d as well as violations of the Civil Rights provisions of 42 U.S.C. Sec. 1983, 1985 and 1986.

8

21.     As a consequence of Defendants' conduct as set forth above, Plaintiff lives in constant, abiding and continuing fear for her and her family's safety and well being each and every day, as Plaintiff uses the public streets, highways and other public areas of the City of Marlin, Texas.

## II. FIRST CAUSE OF ACTION

### (Sexual Assault----Against All Defendants)

22.     Plaintiff incorporates herein all the above paragraphs.  Plaintiff was harmed when Chief Sodek, acting under color of law and authority, as stated above committed sexual assault on her body.

23.     Defendant Sodek acted intending to cause harmful or offensive contact with Plaintiff. Defendant did cause harm to Plaintiff. Plaintiff did not consent to Chief Sodek's conduct

24.     In sexually assaulting Plaintiff, Chief Sodek and all other Defendants acted under color of authority, within the course and scope of employment, agency, and in conspiracy with each other, and pursuant to the established unwritten official policy, custom and practice of the MARLIN POLICE DEPARTMENT, and as also alleged herein, the conduct of Chief Sodek and all other Defendants was consented to, ratified, approved, concealed, covered up, condoned, accepted, and/or encouraged by each other, for their own benefit and gain, knowing that the conduct would result in harm to Plaintiff and other female members of the general public similarly situated.

25.     Plaintiff was harmed and Defendants' conduct was a direct, proximate, and

substantial factor in causing Plaintiff harm. If not for the failures and misconduct of Defendants, as alleged in this Original complaint, Plaintiff would not have suffered physical harm, serious and severe emotional distress, anxiety, depression, humiliation, shame, loss of sleep, fear and rage all to her general damage, in an amount to be proven at the time of trial.

### III. SECOND CAUSE OF ACTION

### (Sexual Battery - Against All Defendants)

26.    Plaintiff incorporates Penal Code Sec. 22.01 and 22.011 herein paragraphs 1 through 21 above.

27.    Defendant, Chief Sodek, intended to and in fact did cause harmful or offensive contact with Plaintiff's genitals, buttocks and breasts, without consent from Plaintiff and a sexually offensive contact with Plaintiff resulted.

28.    In doing so, and as alleged herein, Chief Sodek and all other Defendants acted under color of authority, within the course and scope of employment, agency, and in conspiracy with each other, and pursuant to the established unwritten official policy, custom, and practice of the Marlin Police Department, and as also alleged herein, the conduct of Chief Sodek and all other Defendants was consented to, ratified, approved, concealed, covered up, condoned, accepted, and/or encouraged by each other, for their own benefit and gain, knowing that the conduct would result in harm to Plaintiff and other female members of the general public similarly situated.

29.    Plaintiff did not consent to or condone the misconduct of Chief Sodek.

30.    Plaintiff was harmed and Defendants' conduct was a direct, proximate, and

substantial factor in causing Plaintiff harm. If not for the failures and misconduct of Defendants, as alleged in this Original Complaint, Plaintiff would not have suffered physical harm, serious and severe emotional distress, anxiety, depression, humiliation, shame, loss of sleep, fear and rage all to ger general damage, in an amount to be proven at the time of trial.

31.     In committing the acts as alleged herein, the individual Defendants acted with the intent to harm Plaintiff or with a conscious disregard for Plaintiff's rights and thus acted with malice, fraud or oppression, entitling Plaintiff to an award of punitive damages in an amount to be proven at the time of trial.

## IV. THIRD CAUSE OF ACTION

### (False Arrest - Against All Defendants)

32.     Plaintiff incorporates herein paragraphs 1 through 21 above. Plaintiff was wrongfully arrested by Chief Sodek without a warrant or without probable cause.

33.     Defendants acted under color of authority, within the course and scope of employment, agency, and in conspiracy with each other, and pursuant to the established unwritten official policy, custom, and practice of the Marlin Police Department.


## V. FOURTH CAUSE OF ACTION

### (False Imprisonment - Against All Defendants)

34.     Plaintiff incorporates herein paragraphs 1 through 21 above. Chief Sodek wrongfully detained Plaintiff, intentionally depriving Plaintiff of her freedom of movement by use of physical barriers, threats of force, use of force and false imprisonment, coercion and

duress.

35.     Plaintiff did not knowingly or voluntarily consent.

## VI. FIFTH CAUSE OF ACTION

**(Violation of Federal Civil Rights: 42 U.S.C. § 1983 - Against All Defendants)**

36.     Plaintiff incorporates herein paragraphs 1 through 21 above. Defendant Sodek intentionally interfered with Plaintiff's civil rights by intimidation, coercion, violence, threats of violence and unlawful acts against her person when he wrongfully and unlawfully arrested and imprisoned her without a warrant or probable cause and then sexually assaulted, harassed, molested and battered her.

37.     In so doing, and as alleged herein, Chief Sodek and all other Defendants acted under color of authority, within the course and scope of employment, agency, and in conspiracy with each other, and pursuant to the established unwritten official policy, custom, and practice of the Marlin Police Department, and as also alleged herein, the conduct of Chief Sodek and all other Defendants was consented to, ratified, approved, concealed, covered up, condoned, accepted, and/or encouraged by each other, for their own benefit and gain, knowing that the conduct would result in harm to Plaintiff and other female members of the general public similarly situated.

38.     Defendants' conduct deprived Plaintiff of her right to equal protection under the law and to due process of law, her right to be free from unreasonable search and seizure, and other rights guaranteed under the United States and Texas Constitutions, as well as statutory and common law rights as more specifically set forth herein.

12

39.     Plaintiff was harmed and Defendants' conduct was a direct, proximate, and substantial factor in causing Plaintiff harm. If not for the failures and misconduct of Defendants, as alleged in this Original Complaint, Plaintiff would not have suffered physical harm, serious and severe emotional distress, anxiety, depression, humiliation, shame, loss of sleep, fear and rage all to ger general damage, in an amount to be proven at the time of trial.

40.     As a direct and proximate result of Defendants' conduct, Plaintiff was required to retain the services of legal counsel to prosecute this case. Plaintiff has reasonably and necessarily incurred legal fees, and Plaintiff is informed and believes that she will reasonably and necessarily incur further legal fees in the future, all in an amount to be proven at trial.

41.     In committing the acts as alleged herein, the individual Defendants to wit Chief Sodek acted with the intent to harm Plaintiff or with a conscious disregard for Plaintiff's rights and thus acted with malice, fraud or oppression, entitling Plaintiff to an award of punitive damages in an amount to be proven at the time of trial.

## VII. SIXTH CAUSE OF ACTION

### (Violation of Federal Civil Rights: 42 U.S.C. § 1952(2) and (3) - Against All Defendants)

42.     Plaintiff incorporates herein paragraphs 1 through 21 above. Defendants, and each of them, as more specifically set forth above, engaged in the obstruction of justice, conspired to obstruct justice, and conspired to effectuate the deprivation of Plaintiff's rights under the Fourth, Fifth, Sixth and 14th Amendments of the U.S. Constitution, as well as the corresponding sections of the Texas Constitution.

43.     In so doing, and as alleged herein, Defendant Sodek and all other Defendants

acted under color of authority, within the course and scope of employment, agency, and in conspiracy with each other, and pursuant to the established unwritten official policies, customs, and practices of the Marlin Police Department, and as also alleged herein, the conduct of Chief Sodek and all other Defendants was consented to, ratified, approved, concealed, covered up, condoned, accepted, and/or encouraged by each other, for their own benefit and gain, knowing that the conduct would result in harm to Plaintiff and other female members of the general public similarly situated.

44.     Defendants' conduct deprived Plaintiff of her rights to equal protection under the law and to due process of law, her right to be free from unreasonable search and seizure, and other rights guaranteed under the United States and Texas Constitutions.

45.     Plaintiff was harmed and Defendants' conduct was a direct, proximate, and substantial factor in causing Plaintiff harm. If not for the failures and misconduct of Defendants, as alleged in this Original Complaint, Plaintiff would not have suffered physical harm, serious and severe emotional distress, anxiety, depression, humiliation, shame, loss of sleep, fear and rage all to her general damage, in an amount to be proven at the time of trial.

46.     As a direct and proximate result of Defendants' conduct, Plaintiff was required to retain the services of legal counsel to prosecute this case. Plaintiff has reasonably and necessarily incurred legal fees, and Plaintiff is informed and believes that she will reasonably and necessarily incur further legal fees in the future, all in an amount to be proven at trial.

47.     In committing the acts as alleged herein, the individual Defendants to wit Chief Sodek acted with the intent to harm Plaintiff or with a conscious disregard for Plaintiff's rights

14

and thus acted with malice, fraud or oppression, entitling Plaintiff to an award of punitive damages in an amount to be proven at the time of trial.

## VIII. SEVENTH CAUSE OF ACTION

### (Violation of Federal Civil Rights: 42 U.S.C. § 1986 - Against All Defendants)

48.     Plaintiff incorporates herein paragraphs 1 through 21 above. Defendants, and each of them, having the power to prevent or to aid in preventing the commission of the acts more specifically set forth above, and having neglected and refused to take such means available and necessary to so prevent or aid in preventing said acts, have violated the specific provisions of 42 U.S.C. § 1986.

49.     In so doing, and as alleged herein, Defendant Sodek and all other Defendants acted under color of authority, within the course and scope of employment, agency, and in conspiracy with each other, and pursuant to the established unwritten official policies, customs, and practices of the Marlin Police Department, and as also alleged herein, the conduct of Chief Sodek and all other Defendants was consented to, ratified, approved, concealed, covered up, condoned, accepted, and/or encouraged by each other, for their own benefit and gain, knowing that the conduct would result in harm to Plaintiff and other female members of the general public similarly situated.

50.     Defendants' conduct deprived Plaintiff of her rights to equal protection under the law and to due process of law, her right to be free from unreasonable search and seizure, and other rights guaranteed under the United States and Texas Constitutions, as well as statutory and common law rights as more specifically set forth herein.

15

51.     Plaintiff was harmed and Defendants' conduct was a direct, proximate, and substantial factor in causing Plaintiff harm. If not for the failures and misconduct of Defendants, as alleged in this Original Complaint, Plaintiff would not have suffered physical harm, serious and severe emotional distress, anxiety, depression, humiliation, shame, loss of sleep, fear and rage all to her general damage, in an amount to be proven at the time of trial.

52.     As a direct and proximate result of Defendants' conduct, Plaintiff was required to retain the services of legal counsel to prosecute this case. Plaintiff has reasonably and necessarily incurred legal fees, and Plaintiff is informed and believes that she will reasonably and necessarily incur further legal fees in the future, all in an amount to be proven at trial.

## XI. EIGHTH CAUSE OF ACTION

### (Violation of Federal Civil Rights: 42 U.S.C. § 3789d - Against Defendant City of Marlin)

53.     Plaintiff incorporates herein paragraphs 1 through 52 above. Defendant City of Marlin, is and has been the recipient of assistance and funding under the Omnibus Crime Control and Safe Streets Act of 1968 (42 U.S.C. § 3789d).

54.     Defendants, and each of them, in engaging in the discriminatory acts in connection with programs and/or activities funded in whole or in part with funds provided under 42 U.S.C. § 3789d, as more specifically set forth herein, are in violation of the specific provisions of the Omnibus Crime Control and Safe Streets Act of 1968, 42 U.S.C. § 3789d, prohibiting such discrimination. Plaintiff therefore seeks a finding, per 42 U.S.C. § 3789d(e)(2)(A), that there has been a pattern or practice of discrimination in violation of 42 U.S.C. § 3789d(e)(1).

16

## X. NINTH CAUSE OF ACTION

### (Intentional Infliction of Emotional Distress - Against All Defendants)

55.     Plaintiff incorporates herein paragraphs 1 through 21 above. Defendants' conduct, as alleged herein, was outrageous.

56.     Defendants acted knowingly, willfully, and with malicious intent and did in fact intend to cause Plaintiff emotional distress, or Defendants acted with reckless disregard for Plaintiff's health, safety, welfare and well being, and did so with reckless disregard of the probability of causing Plaintiff emotional distress.

57.     In so doing, and as alleged herein, Defendant Sodek and all other Defendants acted under color of authority, within the course and scope of employment, agency, and in conspiracy with each other, and pursuant to the established unwritten official policies, customs, and practices of the Marlin Police Department, and as also alleged herein, the conduct of Chief Sodek and all other Defendants was consented to, ratified, approved, concealed, covered up, condoned, accepted, and/or encouraged by each other, for their own benefit and gain, knowing that the conduct would result in harm to Plaintiff and other female members of the general public similarly situated.

58.     Plaintiff was harmed and Defendants' conduct was a direct, proximate, and substantial factor in causing Plaintiff harm. If not for the failures and misconduct of Defendants, as alleged in this Original Complaint, Plaintiff would not have suffered physical harm, serious and severe emotional distress, anxiety, depression, humiliation, shame, loss of sleep, fear and rage all to her general damage, in an amount to be proven at the time of trial.

17

## XI. TENTH CAUSE OF ACTION

### (Texas Tort Claims Act Claim)

59.     Plaintiff further asserts that liability exists under the TEXAS TORT CLAIMS

ACT, CIV. PRAC. R. CODE §101 et. seq., insofar as Defendants are a "governmental unit", as

defined therein and , as such, are liable in damages for the following acts and omissions:

> 1.     Negligent use of tangible City property (a City of Marlin owned police
>        vehicle);
>
> 2.     Negligent use of tangible City property (money to make drug purchases
>        and City Park as location for sexual assault);
>
> 3.     Negligent use of tangible City property by (restraining her in police
>        station).

Each of the above rise to the level of liability, as Defendants had actual knowledge of

Defendant Sodek and other prior police chiefs, aggressive, predator behavior and disobedience.

Nonetheless, Defendant Sodek was allowed access to tangible City property to effectuate the

aforementioned Civil and Criminal violations.

60.     Plaintiff further pleads that, as Defendant were on "actual notice" as evidence by

prior chiefs and police officers criminal sexual violation of the law. All conditions

precedent to bringing this action have been met.


## XII. DAMAGES

61.     Plaintiff seeks damages in the amount of fifteen (15) million dollars for the

violation of her Fourth Amendment Constitutional Right to be free from unreasonable search and seizure and all other allegations made in this Original Complaint.

    62.    Plaintiff damages as a result of the actions and/or omissions of Defendants described herein above:

    a.    Physical pain, injury,

    b.    All reasonable and necessary Attorney's fees incurred by or on behalf of Plaintiffs,

    c.    All reasonable and necessary costs incurred in pursuit of this suit,

    d.    Emotional pain,

    e.    Expert fees as the Court deems appropriate,

    f.    Inconvenience,

    g.    Prejudgment interest,

    h.    Medical Expenses,

    I.    Mental anguish in the past,

    j.    Mental anguish in the furutre,

    k.    Loss of earnings in the past,

    l.    Loss of earning capacity which will, in all probability, be incurred in the future,

    m.    Punitive damages,

    n.    All appeal Cost and Expenses.

## XIII. EXEMPLARY DAMAGES

63.     Plaintiff would further show that the acts and omissions of Defendants were committed with malice and reckless indifference to the protected rights of Plaintiff. In order to punish said Defendants, Plaintiff also seeks recovery from Defendants for exemplary damages.

## XIV.  ATTORNEY'S FEES

63.     Plaintiff is entitled to recover attorney's fees and costs as required by the Civil Rights Attorney's Fees Award Act of 1976.  49 U.S.C. § 1988. Plaintiff hereby requests that the Court and Jury award her attorney's fees and expenses.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs respectfully pray that the Defendants be cited to appear and answer herein, and that upon final hearing of this cause, judgement be entered against Defendants, jointly and severally, for damages in an amount within the jurisdictional limits of the Court; exemplary damages, as addressed to each Defendant, together with interest as allowed by law; costs of court; and such other and further relief to which the Plaintiff may be entitled at law of in equity.


Respectfully submitted,

BOBBY R. TAYLOR



/s/Bobby Taylor

20

Bobby R. Taylor
Texas bar No. 19685500
1709 E. Martin Luther King Jr. Blvd
Austin, Texas 78702
Office: (512)476-4886
Fax:(512)476-2818
Email: bobby@taylor-law.com
Attorney for Plaintiff

**PLAINTIFF HEREBY DEMANDS TRIAL BY JURY**

21